PER CURIAM.
These disciplinary proceedings by The Florida Bar against Jason M. Chapnick, a member of The Florida Bar, are presently before us on complaints of The Florida Bar, Report of Referee, and Conditional Guilty Plea. Pursuant to Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petitions for review pursuant to Rule 11.09(1), Integration Rule, have been filed.
Having considered the pleadings and evidence, the referee found as follows:

Statement of Case No. 58,114

On November 19, 1979, Complaint was filed with the Court alleging that Respondent, Jason M. Chapnick, had violated Rule 11.02(4) of the Integration Rule and Disciplinary Rule 9-102(B)(4) of the Code of Professional Responsibility of The Florida Bar. The specific charge was that on April 30, 1979, in connection with “a real estate transaction”, Respondent had received $10,000.00 in trust funds. Although the transaction was closed in June and repeated demands were made on him, Respondent failed to disburse the funds. In early August, Respondent did issue a check to the party entitled to $8,798.10 of the funds, but the check was eventually returned for insufficient funds. After proceedings were instituted against Respondent, the complaining party (Charles L. Horn), on December 17,
1979, received from Respondent’s attorney a check for the $8,978.12 due the, complaining party. (There is no contention that the remaining trust funds were not properly accounted for).
Respondent filed his Answer and the case was scheduled to be tried on February 11, 1980. However, Respondent’s “Motion to Continue” was granted, and the ease was rescheduled for May 12,
1980.
On April 23,1980, a “Conditional Guilty Plea for Consent Judgment” was tendered. It was approved by the Board of Governors of The Florida Bar on May 8, 1980.
*1037 Neither party desired to offer evidence. Statement of Case No. 59,164
In Case No. 59,164, Respondent is charged with similar misconduct in that he received trust funds of $21,735.00 on June 26,1978, and failed to disburse them until March 22, 1979.
The referee accepts the plea and recommends:
(a) Respondent be found guilty of misconduct as charged, viz: failure to disburse trust funds.
(b) Respondent be disciplined by suspension from The Florida Bar for 18 months from January 11, 1980, or 12 months from the date the Court approves the “consent judgment”, whichever period is shorter, and thereafter until Respondent proves rehabilitation in reinstatement proceedings pursuant to Rule 11.11 of the Integration Rule of The Florida Bar. (It is to be noted that on December 12, 1979, the Court entered an Order of temporary suspension and Respondent has been suspended since December 12, 1979).
(c) If the plea in Case No. 58,114 is approved by the Court, The Florida Bar has agreed to dismiss Case No. 59,164.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, Respondent, Jason M. Chap-nick, is hereby suspended from the practice of law for a period of 18 months, nunc pro tunc to January 11, 1980, and thereafter until Respondent proves rehabilitation in reinstatement proceedings pursuant to Rule 11.11 of the Integration Rule of The Florida Bar. After reinstatement, Respondent is to be on probation for a period of three years. During probation, should Respondent resume the practice of law as a sole practitioner, he agrees to the examination of all of his trust account records upon one working day’s notice by staff counsel or his representative. Confidentiality of Respondent’s records shall be maintained unless the examination indicates a violation of the Integration Rule of The Florida Bar or the Code of Professional Responsibility. Case No. 59,164 is hereby dismissed.
Costs in the amount of $2,867.88 are hereby taxed against the Respondent.
It is so ordered.
SUNDBERG, C. J„ and BOYD, OVER-TON, ALDERMAN and McDONALD, JJ., concur.